UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG PFEIFER, <br><br>                   Plaintiff, <br><br> -vs.- <br><br> WAWA, INC., RETIREMENT PLANS COMMITTEE OF WAWA, INC., RICHARD D. WOOD, JR. in his capacity as Trustee, HOWARD B. STOECKEL in his capacity as Trustee, and DOES 1-20 <br><br>                   Defendants. | **Case No.** <br><br><br> **COMPLAINT -- CLASS ACTION** |

Plaintiff GREG PFEIFER, in his individual capacity and on behalf of the Class, by way of Complaint against Defendants says:

## INTRODUCTION

1.    Plaintiff GREG PFEIFER was formerly employed by WAWA, INC. ("WAWA"), which sponsors the WAWA, INC. EMPLOYEE STOCK OWNERSHIP PLAN (the "ESOP" or "Plan"). Plaintiff and the Class he seeks to represent are Terminated Employee Participants in the ESOP who, as alleged below, have been deprived of promised benefits as a result of violations of ERISA by Defendants. "Terminated Employee Participants" are ESOP participants with vested account balances in excess of $5,000 whose employment with WAWA terminated for any reason other than retirement, death or total disability.

2.    The WAWA, INC. EMPLOYEE STOCK OWNERSHIP PLAN is an employee benefit plan as defined by ERISA § 3(3), 29 U.S.C. § 1002(3), and is subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1). The ESOP is administered in part in Wawa, Pennsylvania.

3.    The ESOP's primary asset is its equity holdings in WAWA. The ESOP allocates

1

shares of Wawa stock to the individual accounts of Plan participants. Until 2015, the ESOP

permitted Plaintiff and other Terminated Employee Participants to continue to hold Wawa stock

in their ESOP accounts after their employment terminated.  Plaintiff and other Terminated

Employee Participants had the same benefit entitlements as participants who retired from

WAWA on or after the Plan's normal retirement age of 62. In communications to Plaintiff and

other Plan participants during the course of their employment, including the updated Summary

Plan Descriptions, WAWA promised that their right to continue to hold Wawa stock after

termination of employment would not be taken away.

      4.      Plaintiff and over 3,000 other Terminated Employee Participants continued to

hold their Wawa stock after terminating employment. The share price of Wawa stock has risen

sharply in recent years and Wawa' future prospects are bright.

      5.      On August 30, 2015, however, WAWA forced Plaintiff and other Terminated

Employee Participants to sell their WAWA stock.  This forced sale violated ERISA and

breached promises that WAWA had made to Plaintiff and other Terminated Employee

Participants.

      6.      Plaintiff and other Terminated Employee Participants have been divested of the

benefit and right to continue to hold Wawa stock in their WAWA ESOP account.  As a result of

Defendants' fiduciary breaches and violations of ERISA, Plaintiff and the Class have lost out on

the continued appreciation in value of Wawa stock, dividends paid by Wawa stock and the

opportunity to benefit from future dividends and appreciation in value of Wawa stock.

## JURISDICTION AND VENUE

      7.      This action arises under Title I of the Employee Retirement Income Security Act

of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., and is brought by Plaintiff to require Defendants

to make good to the Plan, Plaintiff and Class Members losses resulting from fiduciary violations, to restore to the Plan any profits that have been made by the breaching fiduciaries and parties in interest through the use of Plan assets, and to obtain other appropriate equitable and legal remedies in order to redress violations and enforce the provisions of Title I of ERISA.

8.      This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

9.      Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in part in this District, some of the events or omissions giving rise to the claims occurred in this District, and Defendants may be found in this District.

## PARTIES

10.     Plaintiff GREG PFEIFER is and has been a participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), in the ESOP at all relevant times. Plaintiff PFEIFER was employed by WAWA from in or about 1992 until in or about 2009. Plaintiffs originally worked in a Wawa store and was promoted to work in the Point of Sale Department at the Corporate Center in Wawa, Pennsylvania. Plaintiff resides in West Chester, Pennsylvania.

11.     Defendant WAWA, INC. ("WAWA") is a New Jersey corporation headquartered in Wawa, Pennsylvania. WAWA is the Sponsor of the ESOP within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). At all relevant times, WAWA was a fiduciary of the ESOP under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority or discretionary control respecting management of the ESOP, and/or had discretionary authority or discretionary responsibility in the administration of the ESOP. Under the terms of the ESOP Plan document, the Board of Directors of WAWA was responsible for appointing the Trustee

and Administrator of the ESOP, and had the authority to remove the Trustee and/or Administrator and appoint a new Trustee or Trustees and/or Administrator in their place. By virtue of these powers, Defendant WAWA had the fiduciary responsibility to monitor the Trustee and Administrator and remedy any fiduciary violations committed by the Trustee and/or Administrator. Defendant WAWA at all relevant times was also a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14).

12.     Defendant RETIREMENT PLANS COMMITTEE OF WAWA, INC. ("COMMITTEE") is and has been the named fiduciary of the ESOP and the "administrator" of the ESOP within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A) at all relevant times. Defendant COMMITTEE at all relevant times was a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority or discretionary control respecting management of the ESOP and/or exercised authority or control respecting management or distribution of the ESOP's assets, and/or had discretionary authority or discretionary responsibility in the administration of the ESOP. Defendant COMMITTEE at all relevant times was also a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14). The members of the COMMITTEE are Wawa employees appointed by the Board of Directors of WAWA. Defendant COMMITTEE is an unincorporated organization or association located in Wawa, Pennsylvania.

13.     Defendant RICHARD D. WOOD, JR. ("WOOD") has been a Trustee of the ESOP within the meaning of ERISA §403(a), 29 U.S.C. § 1103(a). Defendant WOOD is Chairman of the Board of Directors of Defendant WAWA. Defendant WOOD at some or all relevant times was a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because he exercised discretionary authority or discretionary control respecting

4

management of the ESOP and/or exercised authority or control respecting management or distribution of the ESOP's assets, and/or had discretionary authority or discretionary responsibility in the administration of the ESOP. Defendant WOOD at some or all relevant times was also a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14). The Trustees are Wawa employees appointed by the Board of Directors of WAWA.

14.     Defendant HOWARD B. STOECKEL ("STOECKEL") has been a Trustee of the ESOP within the meaning of ERISA §403(a), 29 U.S.C. § 1103(a). Defendant STOECKEL is the former President of Defendant WAWA and currently Vice Chairman of the Board of Directors of Defendant WAWA. Defendant STOECKEL at some or all relevant times was a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because he exercised discretionary authority or discretionary control respecting management of the ESOP and/or exercised authority or control respecting management or distribution of the ESOP's assets, and/or had discretionary authority or discretionary responsibility in the administration of the ESOP. Defendant STOECKEL at some or all relevant times was also a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14). The Trustees are Wawa employees appointed by the Board of Directors of WAWA

15.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 - 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of such fictitiously named defendants DOES 1 – 10, inclusive, was a member of Defendant COMMITTEE at some or all relevant times. Plaintiff is informed and believes and thereon alleges that each of such fictitiously named defendants DOES 11 – 20, inclusive, was a Trustee of the ESOP at some or all relevant times.

## FACTUAL ALLEGATIONS

16.     Defendant WAWA established the ESOP in 1992. Over the years, the ESOP has purchased additional shares of Wawa stock from other investors. The ESOP now owns 100% of WAWA. The ESOP's stock holdings are valued at over $1 billion.

17.     The ESOP is a leveraged ESOP because it has borrowed money to purchase shares of Wawa stock from other shareholders. As of December 31, 2014, the ESOP owed over $200 million to WAWA for acquisition loans used to finance the purchase of Wawa stock from other shareholders.

18.     Plaintiff was employed by WAWA from in or about 1992 until in or about 2009. When Plaintiff's employment ended, he decided to continue to hold the Wawa stock holdings in his ESOP account.

19.     At all times during Plaintiff's employment with WAWA, the Plan document for the ESOP provided that Terminated Employee Participants in the ESOP had the same benefit entitlements as participants who retired from WAWA on or after the Normal Retirement Date of age 62. Both Terminated Employee Participants and retiree participants had the right to select a benefit commencement date and elect to receive his or her benefits either in a single lump sum payment or in equal periodic installment payments over any period not to exceed ten (10) years.

20.     Defendants provided Summary Plan Descriptions (SPDs) and updated SPDs to Plaintiff and other Class Members during the course of their employment. The SPD was the primary source of information about the ESOP for Plaintiff and other participants.

21.     At all times during Plaintiff's employment with WAWA, the SPD stated that the vested benefits of Terminated Employee Participants would be "paid in the same form and manner as retirement benefits" as described in the Section of the SPD titled "Retirement

Benefits." The SPD further stated that Terminated Employee Participants with ESOP account balances greater than $5,000 could continue to hold Wawa stock in their ESOP accounts until age 68, at which time they could elect to receive payment of retirement benefits in equal installments up to ten (10) years or in a single lump sum, i.e. the same retirement benefit options available to ESOP participants who retired from Wawa at the normal retirement age of 62.

22.     At all relevant times, the SPD for the ESOP stated that "no amendment to the Plan will reduce the benefit you have already earned, *or divest you of any entitlement to a benefit.*" (emphasis added)

23.     In 2004, WAWA offered eligible participants in the Wawa Savings and Profit Sharing Plan (ESPSP), including Plaintiff, the opportunity to transfer all or part of their ESPSP account balance to the ESOP and use this money to purchase additional shares of Wawa stock for their ESOP accounts. Plaintiff transferred a portion of his ESPSP account balance to the ESOP and used this money to purchase additional shares of Wawa stock.

24.     WAWA provided Plaintiff and other eligible participants in the ESPSP an Employee Offering Memorandum dated February 5, 2004 ("Offering Memorandum"). The Offering Memorandum directed Plaintiff and other eligible participants to review the SPD to learn the terms and conditions of the ESOP. WAWA attached a copy of the SPD to the Offering Memorandum. Like other SPDs provided to Plaintiff, the SPD attached to the Offering Memorandum "no amendment to the Plan will reduce the benefit you have already earned, *or divest you of any entitlement to a benefit.*" (emphasis added).

25.     By letter dated August 10, 2015, Defendants WOOD and STOECKEL informed Plaintiff and other Terminated Employee Participants that they would no longer be able to hold Wawa stock in their ESOP accounts ("August 10 letter").

26.     The August 10 letter stated that Wawa's Board of Directors adopted an amendment to the ESOP on August 7, 2015 ("August 2015 Amendment"). According to the August 10 letter, the August 2015 Amendment required the sale of the Wawa stock held in the ESOP accounts of Terminated Employee Participants who ceased employment with Wawa before January 1, 2015 as early as August 30, 2015.

27.     The August 10 letter stated that the August 2015 Amendment brought the Wawa ESOP in line with most other ESOPs and asserted that only 13% of ESOP companies allow former employees to stay in the ESOP for longer than one year. Yet, this statement was misleading because it omitted that the overwhelming majority of leveraged ESOPs require former employees who terminate employment for reasons other than retirement, death or disability to stay in the ESOP until the acquisition loan has been repaid. The Wawa ESOP is a leveraged ESOP with an outstanding acquisition loan of over $200 million as of December 31, 2014.

28.     At all relevant times, Defendants engaged a third-party valuation firm to appraise the value of the ESOP's Wawa stock. In recent years, the valuation firm has provided an updated value at the end of each quarter. In addition, the valuation firm provided an updated value as of August 30, 2015, the date on which Defendants sold the Wawa stock in the ESOP accounts of Plaintiff and other Class Members. The August 30, 2015 share price was used in the forced sale of Plaintiff's Wawa stock and the stock of the other Class Members.

29.     At the time that Defendants sold the Plaintiff's and other Class Members' – Wawa stock, recent business developments had made Wawa stock an excellent investment opportunity.  These developments included Wawa's conversion to an S Corporation effective 2015, which eliminated the Company's federal income tax obligations, and Wawa's successful

expansion into new regions, including Florida.

30.     As a result of these business developments, the value of Wawa's stock has risen rapidly in recent years. As of December 31, 2012, Wawa stock was valued at $3,819.00 per share. As of December 31, 2013, Wawa stock was valued at $4,544.00 per share. As of December 31, 2014, Wawa stock was valued at $6,337.00 per share. As of March 29, 2015, Wawa stock was valued at $6,491.00 per share. As of June 30, 2015, Wawa stock was valued at $6,940.00 per share.

31.     As of August 30, 2015, the date of the forced sale, Wawa's stock was valued at $7,025.00 per share.

32.     The value of Wawa stock has continued to increase since Defendants divested Plaintiff and other Class Members of their right to hold Wawa stock in their WAWA ESOP account and divested Plaintiff and other Class Members of their Wawa stock.  As of September 30, 2015, the appraised value of Wawa stock was $7,381.00 per share.  As of the date of the filing of this Complaint, Defendants have not yet reported the December 30, 2015 appraised value of Wawa stock.

33.     The COMMITTEE had discretionary authority to select a date on or after August 30, 2015 for the forced sale. WAWA pays a quarterly dividend on its stock. Plaintiff and other ESOP participants received a quarterly dividend of $12.00 per share paid in March 2015 and June 2015. Upon information and belief, the COMMITTEE selected August 30, 2015 as the date for the forced sale by Terminated Employee Participants, rather than the end of the quarter in September 2015. Because Defendant COMMITTEE decided to set August 30, 2015 as the date of the forced sale of stock by Terminated Employee Participants, Plaintiff and other Class Members did not receive the quarterly dividend paid in September 2015. Upon information and

2094079.1

belief, Defendant COMMITTEE chose August 30, 2015 as the date of the forced sale in part to avoid paying the September 2015 quarterly dividend to Plaintiff and other Class Members.

34.     As a result of the August 2015 Amendment, Plaintiff and the Class were divested of the right, at their option, to continue to hold Wawa ESOP stock in their WAWA ESOP account.  As a result of the forced sale, Plaintiff and other Class Members have lost out on investment gains from the continued rise in the value of Wawa stock, the dividends paid and the opportunity for future investment gains and dividends from Wawa stock.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings the claims for relief for violations of ERISA as a class action pursuant to Fed. R. Civ. P. 23 (a) and (b), on behalf of all persons who were Terminated Employee Participants in the ESOP as of January 1, 2015 with account balances greater than $5,000.00 (hereinafter "Plaintiff Class"). Excluded from the Plaintiff Class are the Defendant Trustees and members of the Defendant COMMITTEE and their immediate families; the officers and directors of Defendant WAWA and their immediate families; and legal representatives, successors, heirs, and assigns of any such excluded persons.

36.     The Plaintiff Class is so numerous that joinder of all members is impracticable. Based on the most recent Form 5500 (the Form 5500 for 2014 which was filed in October 2015), there were over 3,000 Terminated Employee Participants of the ESOP at the time of the August 2015 Amendment. Although the exact number and identities of Class Members are unknown to Plaintiff at this time, this information is easily ascertainable from the ESOP through discovery of its records.  As WAWA operates in at least six states (Pennsylvania, New Jersey, Delaware, Maryland, Virginia and Florida), the members of this Class are geographically dispersed.

37.     Questions of law and fact common to the Plaintiff Class as a whole include, but

2094079.1

are not limited to, the following:

a)      Whether Defendants breached a fiduciary duty to ESOP participants by representing that Terminated Employee Participants would have the same benefit entitlements as retiree participants;

b)      Whether Defendants breached a fiduciary duty to ESOP participants by representing that WAWA would not divest Plan participants of any entitlement to a benefit under the ESOP;

c)      Whether Defendants violated ERISA's anti-cutback provision, ERISA §204(g), by eliminating the benefit entitlements of Terminated Employee Participants in the August 2015 Amendment;

d)      The losses suffered by the ESOP and Terminated Employee Participants as a result of Defendants' ERISA violations; and

e)      The appropriate relief for Defendants violations of ERISA.

38.      Plaintiff's claims are typical of those of the Plaintiff Class because their claims arise from the same event, practice and/or course of conduct. Specifically, Plaintiff challenges Defendants' ability to amend the terms of the WAWA ESOP after his termination from employment, apply the post-termination August 2015 Amendment to his ESOP account, and divest him of entitlement to a benefit under the ESOP. Plaintiff's claims are also typical of the claims of the other members of the Class because the relief primarily sought consists of (a) a declaration establishing their rights under the Plan in effect at the time of their termination and consistent with the SPDs provided to them during their employment, (b) requiring the fiduciaries to make the Plan whole any losses caused by their fiduciary breaches and to disgorge their profits to the Plan, and (c) any such recovery from the Plan fiduciaries will be paid to the Plan and any

equitable relief will flow to all Class Members.

39.     Plaintiff will fairly and adequately represent and protect the interests of the

Plaintiff Class. Plaintiff, like other Terminated Employee Participants in the Plaintiff Class, has

been divested of a benefit and the right to continue to hold Wawa stock in his ESOP account and

also the continued appreciation in value of Wawa stock and dividends on Wawa stock because of

the forced sale of the Wawa stock in his individual ESOP account on August 30, 2015. As a

result, Plaintiff does not have any interests antagonistic to or in conflict with the interests of the

members of the Class.

40.     Plaintiff has retained counsel competent and experienced in complex class

actions, ERISA, and employee benefits litigation.

41.     Class certification of Plaintiff's Claims for Relief for violations of ERISA is

appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by

individual Class members would create a risk of inconsistent or varying adjudications which

would establish incompatible standards of conduct for Defendants, and/or because adjudications

with respect to individual Class members would as a practical matter be dispositive of the

interests of non-party Class members.

42.     Class certification of Plaintiff's Claims for Relief for violations of ERISA is also

appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act

on grounds generally applicable to the Class, making appropriate declaratory and injunctive

relief with respect to Plaintiff and the Class as a whole. The members of the Class are entitled to

declaratory and injunctive relief to remedy Defendants' fiduciary violations.

43.     Additionally and alternatively, class certification of Plaintiff's Claims for Relief

for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of

law and fact common to all Class members predominate over any questions affecting individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this action. The August 2015 Amendment divested Plaintiff and all Class members of their Wawa stock and thereby breached the promise that the defendants would not divest Plaintiff and the Class Members "*of any entitlement to a benefit.*" The losses suffered by individual Class members are small compared to the expense and burden of individual prosecution of this action. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' duties with regard to the ESOP.

44. The following factors set forth in Rule 23(b)(3) also favor certification of this case as a class action:

a) The members of the Class have an interest in a unitary adjudication of the issues presented in this action for the reasons that this case should be certified under Rule 23(b)(1).

b) Upon information and belief, no other litigation concerning this controversy has been filed by any other members of the Class

c) This District is most desirable location for concentrating the litigation for reasons that include (but are not limited to) the following: (i) the headquarters of WAWA is located in this District, (ii) the WAWA ESOP is administered in this District, (iii) the Defendants can be found in this District, and (iv) the majority of the WAWA company witnesses are expected to be located in this District.

d) There are no anticipated difficulties in managing this case as a class action.

45. The names and addresses of the Plaintiff Class are available from the ESOP.

Notice will be provided to all members of the Plaintiff Class to the extent required by Rule 23.

## COUNT I

### [Breach of Fiduciary Duty Under ERISA § 404, 29 U.S.C. §§ 1104 by All Defendants]

46.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

47.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries, in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. The fiduciary duty of loyalty entails a duty to avoid conflicts of interest and to resolve them promptly when they occur.  A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

48.     A plan fiduciary's duties of loyalty and prudence includes a duty to disclose and inform. This duty requires a fiduciary to comply with the disclosure provisions in Title I of ERISA. This duty also entails: (1) a negative duty not to misinform; (2) an affirmative duty to inform when the fiduciary knows or should know that silence might be harmful; and (3) a duty to convey complete and accurate information material to the circumstances of participants and beneficiaries.

49.     Defendants, and each of them, breached duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). These breaches include but are not limited to the following:

        a)      Not discharging their duties in accordance with the documents and

14

instruments governing the Plan insofar as such documents and instruments are consistent with ERISA;

b)     The COMMITTEE and WAWA misled Terminated Employee Participants by promising in SPDs, the Offering Memorandum, and other communications that Terminated Employee Participants would have their benefits paid in the same form and manner as retirement benefits as described in the Section of the SPD titled "Retirement Benefits."

c)     The COMMITTEE and WAWA misled Terminated Employee Participants by promising in SPDs that WAWA would not divest Plan participants of any entitlement to benefits, including but not limited to their right to continue to hold Wawa stock;

d)     Defendants WOOD and STOECKEL misrepresented the background of the August 2015 Amendment to Plan participants, including the statement that the Amendment would bring the ESOP in line with the benefit distribution provisions of the majority of other ESOPs;

e)     Despite its duty to appoint and duty to monitor the COMMITTEE and Trustees, Defendant WAWA failed to properly monitor the acts and omissions of the COMMITTEE and Trustees; and

f)     The COMMITTEE selected August 30, 2015 as the date of the forced sale of Wawa stock by Terminated Employee Participants in order to avoid paying dividends to Terminated Employee Participants in September 2015.

50.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a

fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

51.     ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring an action for relief under ERISA § 409.

52.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring an action to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

53.     ERISA § 410 prohibits agreements that purport to relieve a fiduciary from responsibility or liability for any fiduciary duty. 29 U.S.C. § 1110(a). Specifically, § 410 states that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy." 29 U.S.C. § 1110(a).

54.     Any indemnification agreement between Defendants, on the one hand, and the ESOP, on the other hand, violates ERISA § 410 and is therefore null and void.

55.     Defendants' acts and omissions caused millions of dollars of losses to Terminated Employee Participants in an amount to be proven more specifically at trial.

## COUNT II

### [Violation of the Anti-Cutback Provision of ERISA § 204(G) Against All Defendants]

56.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

57.     ERISA § 204(g), 29 U.S.C. § 1054(g) provides that "[t]he accrued benefit of a

16

participant under a plan may not be decreased by an amendment of the plan."

58.     Under 26 C.F.R. § 1.411(d)-3(a)(1), "a plan amendment includes any changes to the terms of the plan."

59.     ERISA § 3(23), 29 U.S.C. § 1002(23), defines "accrued benefit" as follows:

(a) in the case of a defined benefit plan, the individual's accrued benefit determined

under the plan and, except as provided in § 1054(c)(3) of this title, expressed in the form

of an annual benefit commencing at normal retirement age, or

(b) in the case of a plan which is an individual account plan, the balance of the

individual's account.

60.     An accrued benefit includes not only the "net effect" of the dollars earned and/or paid under the Plan, but also the features and elements of the benefit formula itself.  As such, the accrued benefits protected from elimination by amendment under ERISA § 204(g) includes the conditions on which the benefits are to be paid under the Plan.

61.     Accrued benefits are considered "decreased" for purposes of ERISA § 204(g) not only when they are reduced in size or eliminated entirely, but also when the plan imposes new conditions or materially greater restrictions on their receipt.

62.     Under the terms of the ESOP Plan document prior to the August 2015 Amendment, a terminated employee participant was entitled to continue to hold Wawa stock in his or her individual ESOP account until age 68.

63.     A terminated employee participant was further entitled to the same benefit distribution options as a retiree participant under the ESOP Plan document prior to the August 2015 Amendment.

64.     The benefit rights of Terminated Employee Participants alleged herein are

17

accrued benefits.

65.     By divesting Plaintiff and the Class and thereby eliminating the right of Plaintiff

and the Class to continue holding Wawa stock in their individual ESOP accounts, and by the

forced sale of Wawa stock on August 30, 2015, the August 2015 Amendment decreased, and, in

fact, eliminated accrued benefits of Plaintiff and the Class.

66.     As a result, the August 2015 Amendment constituted a prohibited cut back of

benefits in violation of ERISA § 204(g), 29 U.S.C. § 1054(g) as to Plaintiff and the Class.

67.     As such, Plaintiff and the Class are entitled to benefits for which they are eligible

in conformity with the provisions of the ESOP Plan document as if the August 2015 Amendment

had not been implemented as well as the payment of any benefits, lost investment earnings,

dividends, and interest, which may be owing.

**COUNT III**

**[Appropriate Equitable Relief Under ERISA § 502(a)(3),<br>29 U.S.C. § 1132(a)(3) Against All Defendants]**

68.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

69.     ERISA § 502(a)(3), 29 U.S.C. § 1102(a)(3), authorizes a plan participant to bring

a civil action (A) to enjoin any act or practice which violates any provision of ERISA or the

terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress violations of

ERISA or the terms of the plan or (ii) to enforce any provisions of ERISA or the terms of the

plan.

70.     Relief is unavailable under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) or

the remedy under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) because the terms of the

Plan now include the terms of the August 2015 Amendment. Therefore, a claim challenging the

validity of the August 2015 Amendment is properly brought under ERISA § 502(a)(3), 29 U.S.C.

18

§ 1132(a)(3).

71.     As a matter of both federal common law and the common law of contract, which apply to ERISA plans, the terms of the Plan are fixed at the time of acceptance by the employee-participant, which is completed by performance.  At the latest, once an employee separates from employment, the terms of a pension plan in existence at the time of separation of employment are the terms that govern the benefits owed to and to be paid to the participant.

72.     As a matter of contract law, the August 2015 Amendment is invalid to the extent that it applies to participants of the Wawa ESOP who terminated, retired, or otherwise completed performance before the effective date.

73.     As a result, Plaintiff and the Class are entitled to have the August 2015 Amendment declared invalid as to them, to a declaration that their rights and benefits are and will be determined under the Plan when they terminated or retired, and, as necessary, Plaintiffs and the Class are entitled to have the Plan reformed accordingly and/or to an injunction requiring administration of the Plan in a manner consistent with the terms of the Plan in existence at the time of their retirement.

## COUNT IV

### [Violation of ERISA § 102,
### 29 U.S.C. § 1022 by Defendant COMMITTEE]

74.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

75.     ERISA § 102(a), 29 U.S.C. § 1022(a), requires the plan administrator to furnish plan participants with an SPD that includes a description of the provisions providing for nonforfeitable pension benefits, and circumstances which may result in disqualification, ineligibility, or loss of benefits.

76.     ERISA § 102(a), 29 U.S.C. § 1022(a), further requires that the SPD shall be

19

written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan.

77.     To the extent that the terms of the Plan did not actually provide Terminated Employee Participants with the right to have their benefits paid in the same form and manner as retirement benefits as described in the SPD, the COMMITTEE violated its duties under ERISA § 102(a), 29 U.S.C. § 1022(a), by furnishing Plaintiff and other Class Members with SPDs that promised that Terminated Employee Participants would have their benefits paid in the same form and manner as retirement benefits as described in the Section of the SPD titled "Retirement Benefits."

78.     To the extent that the terms of the Plan did not actually provide Terminated Employee Participants with the right not to be divested of any entitlement to benefits, including their right to continue to hold Wawa stock, the COMMITTEE violated its duties under ERISA § 102(a), 29 U.S.C. § 1022(a), by furnishing Plaintiff and other Class Members with SPDs that promised that WAWA would not divest Plan participants of any entitlement to benefits, including their right to continue to hold Wawa stock.

79.     Plaintiff and the Class were harmed as a result of the COMMITTEE's violations with respect to the SPD because they were divested of their right and ability to hold Wawa stock in their WAWA ESOP accounts.

80.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring an action to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan. As a result, Plaintiff and the Class are entitled to appropriate equitable relief for the COMMITTEE's violations of ERISA § 102(a), 29 U.S.C. § 1022(a).

## PRAYER

Wherefore, Plaintiff prays for judgment against the Defendants and each of them on each Claim for Relief and for the following relief:

A. Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named Plaintiff as class representative and his counsel as class counsel;

B. Declare that Plaintiff and the Class are entitled to have their benefits calculated and/or paid in conformity with the terms of the Plan document in effect at the time of their termination;

C. Declare that Defendants and each of them have breached their fiduciary duties to the Plaintiff Class and/or knowingly participated in breaches of fiduciary duty;

D. Enjoin Defendants and each of them from further violations of their fiduciary responsibilities, obligations and duties;

E. Order that Defendants make good to the ESOP and/or to any successor trust(s) the losses resulting from their breaches and restoring any profits they have made through use of assets of the ESOP;

F. Order that Defendants provide other appropriate equitable relief to the ESOP, Plaintiff, and the Class, including but not limited to, surcharge, rescission, reformation of the Plan, providing an accounting for profits, imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendants;

G. Reforming the terms of the ESOP Plan document to eliminate the applicability of the August 2015 Amendment as to any participant who terminated prior to its adoption;

H. Requiring Defendants to make good any losses suffered by Plaintiff and the Class from

the forced sale of the Wawa stock held in their individual accounts in the ESOP in August 2015;

I.  Remove the members of the COMMITTEE from their role as fiduciaries of the ESOP, enjoining any of the breaching fiduciaries from acting as fiduciaries for any plan that covers the employees of WAWA and appointing an Independent Fiduciary to manage the WAWA ESOP;

J.  Order the proceeds of any recovery for the Plan to be allocated to the accounts of the Class to make them whole for any injury that they suffered as a result of the breaches of fiduciary duty in accordance with the Court's declaration with respect to the terms of the Plan;

K.  Ordering pursuant to ERISA § 206(d)(4) that any amount to be paid to or necessary to restore Plaintiff's ESOP account can be satisfied by using or transferring any breaching fiduciary's ESOP account in the Plan to the extent of his liability;

L.  Declare that any indemnification agreement between the Defendants and the ESOP violates ERISA § 410, 29 U.S.C. § 1110, and is therefore null and void;

M.  Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

N.  Order Defendants to pay prejudgment interest; and

O.  Award such other and further relief as the Court deems equitable and just.

2094079.1

Dated:   February ⁄, 2016                    Respectfully submitted,


Gary L. Azorsky (PA Bar No. 38924)
Raymond M. Sarola (PA Bar No. 318164)
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
3 Logan Square, 1717 Arch Street
Suite 3610
Philadelphia, PA 19103
Tel:  (267) 479 5700
Fax: (267) 479-5701
Email:  gazorsky@cohenmilstein.com
Email:  rsarola@cohenmilstein.com

R. Joseph Barton (*pro hac vice* to be filed)
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Tel:  (202) 408-4600
Fax: (202) 408-4699
Email: jbarton@cohenmilstein.com


Daniel Feinberg (*pro hac vice* to be filed)
FEINBERG, JACKSON, WORTHMAN
& WASOW LLP
383 4th Street, Suite 201
Oakland, CA 94607
Tel:  (510) 269-7998
Email: dan@feinbergjackson.com

Richard E. Donahoo, (*pro hac vice* to be filed)
Donahoo & Associates, P.C.
440 W. First Street, Suite 101
Tustin, California 92780
Tel:  (714) 953-1010
Email:  rdonahoo@donahoo.com


*Attorneys for Plaintiff*

2094079.1