**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREG PFEIFER and ANDREW DORLEY,** : <br>     **Plaintiffs,** : <br> : <br>     **v.** : <br> : <br> **WAWA, INC., et al.,** : <br>     **Defendants.** : | **Civ. No. 16-497** |

## O R D E R

On February 1, 2016, Plaintiffs Greg Pfeifer and Andrew Dorley brought this ERISA class action against Defendants Wawa, Inc., Retirement Plans Committee of Wawa, Inc., Richard D. Wood, Jr., Howard B. Stoeckel, Jared G. Culotta, Michael J. Eckhardt, James Morey, Catherine Pulos, Dorothy Swartz, Kevin Wiggins, and Wawa, Inc. Employee Stock Ownership Plan, challenging an amendment to Defendant Wawa, Inc.'s ESOP that eliminated their right to hold Wawa stock through age 68 and forced them to sell their shares at a purportedly unfair price. The Parties now ask me to certify conditionally a Settlement Class and approve preliminarily the Parties' Proposed Settlement. Because I conclude preliminarily that the Proposed Settlement Class meets the requirements of Rule 23, the Proposed Settlement is within the range of reasonableness, and the notice provisions are consistent with the requirements of due process and Rule 23, I will grant Plaintiffs' unopposed Motions.

**I.     BACKGROUND**

The Wawa Employee Stock Ownership Plan is an ERISA-qualified employee benefit plan sponsored by Defendant Wawa, and the ESOP's primary asset is Wawa equity. (Am. Compl. ¶¶ 13, 26, Doc. No. 20; Ans. ¶¶ 13, 26, Doc. No. 62.) The Retirement Plans Committee administers the ESOP. (Am. Compl. ¶ 14; Ans. ¶ 14.) Defendants Culotta, Eckhardt, Morey, Pulos, Swartz, and Wiggins are members of the Committee and officers of Wawa. (Am. Compl.

1

¶¶ 15–20; Ans. ¶¶ 15-20.)  Defendants Wood and Stoeckel are the trustees of the ESOP.  (Am. Compl. ¶¶ 22–23; Ans. ¶¶ 22–23.)

The Wawa ESOP initially permitted all of its retired and terminated employees, including those terminated for cause, to continue to hold Wawa stock through the ESOP.  (See Bowers Decl. Ex. 1 at 120:21–121:8 (Pederson Dep.), Doc. No. 77-3)  As required by ERISA, Wawa periodically provided Summary Plan Descriptions of the ESOP terms.  (Am. Compl. ¶ 33; Ans. ¶ 33; Bowers Decl. Ex. 1 at 70:18–25); 29 U.S.C. § 1022(a).  Each SPD provided that vested benefits are "paid in the same form and manner as retirement benefits," and that "no amendment to the Plan will reduce the benefit you have already earned, or divest you of any entitlement to a benefit."  (Bowers Decl. Ex. 2 at 8–9, Doc. No. 77-4; Bowers Decl. Ex. 3 at 9, Doc. No. 77-5; Bowers Decl. Ex. 4 at 9, Doc. No. 77-6; Bowers Decl. Ex. 5 at 12, Doc. No. 77-7.)  They also provided that "if the total value of your benefit is more than $5,000, you may elect to delay payment until the April 1 of the year following the year you reach age 68."  (Bowers Decl. Ex. 4, at 9; Bowers Decl. Ex. 5 at 12; see also Bowers Decl. Ex. 2 at 8–9; Bowers Decl. Ex. 3 at 9 (until 2011, former employees could hold Wawa stock until age 70½).)

On August 7, 2015, Wawa amended the ESOP, eliminating terminated participants' rights to hold Wawa stock through age 68.  (Bowers Decl. Ex. 10, Doc. No. 77-12.)  On August 10, Wood and Stoeckel sent a letter to all terminated employees informing them that Wawa had adopted the ESOP Amendment.  (See Pfeifer Decl. Ex. 3, Doc. No. 77-20.)  On September 11, Defendants effectuated the ESOP Amendment.  (Bowers Decl. Ex. 7 at 15, Doc. No. 77-9.)  Terminated participants were forced to pay a $50.00 distribution fee and received $6,940 per share of Wawa stock.  (See Pfeifer Decl. Ex. 3 at 3, Doc. No. 77-20; Ans. ¶ 63.)

Plaintiffs Greg Pfeifer and Andrew Dorley are two terminated employee ESOP

participants who were divested of their Wawa stock as a result of the Plan Amendment. Pfeifer was an employee of Wawa from 1992 to 2009, and a participant in the ESOP from 1992 until the date of the Amendment. (Pfeifer Decl. ¶¶ 2, 3, Doc. No. 77-17.) Dorley was an employee of Wawa from 1994 to 2007, and a participant in the ESOP from 1994 until the date of the Amendment. (Dorley Decl. ¶¶ 2, 6, Doc. No. 77-22.) Proposed class representative Michael DiLoreto, who is not a named Plaintiff, was an employee of Wawa from 1998 to 2008, and a participant in the ESOP from 1998 until the date of the Amendment. (DiLoreto Decl. ¶¶ 2, 3, Doc. No. 77-24.)

Plaintiffs pled the following claims in their Amended Complaint:

- Count I: The Trustee and Committee Defendants breached their fiduciary duties by authorizing the ESOP's sale of Wawa stock at a price below fair market value. (Am. Compl. ¶¶ 95–105); ERISA § 404(a)(1)(A), (B), (D), 29 U.S.C. § 1104(a)(1)(A), (B), (D).

- Count II: The Trustee Defendants and Wawa unlawfully caused the Plan to engage in a related party transaction (the sale of Wawa stock) for inadequate consideration. (Am. Compl. ¶¶ 106–113); ERISA § 406(a)-(b), 29 U.S.C. § 1106(a)-(b).

- Count III: The Trustee and Committee Defendants breached their fiduciary duties by authorizing the forced sale because the sale failed to follow Plan § 11.2, which prohibits any plan transfers that decrease the value of the Plan. (Am. Compl. ¶¶ 114–121); ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

- Count IV: The Trustee and Committee Defendants breached their fiduciary duties by misrepresenting that terminated employee participants could hold Wawa stock in their ESOP accounts until age 68. (Am. Compl. ¶¶ 122–128); ERISA § 404(a)(1)(A), (B), 29 U.S.C. § 1104(a)(1)(A), (B).

- Count V: Wawa breached ERISA's anti-cutback provision by eliminating terminated employees' rights to hold Wawa stock in the ESOP through age 68. (Am. Compl. ¶¶ 129–140); ERISA § 204(g), 29 U.S.C. § 1054(g).

- Count VI: Defendants violated ERISA by unilaterally amending the terms of the Plan. (Am. Compl. ¶¶ 141–146); ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

- Count VII: The Committee Defendants violated ERISA by furnishing summary plan descriptions (SPDs) that were materially misleading. (Am. Compl. ¶¶ 147–153); ERISA § 102, 29 U.S.C. § 1022.

- Count VIII: Wawa breached its fiduciary duties by failing to monitor the Trustee and Committee Defendants' activities. (Am. Compl. ¶¶ 154–159); ERISA § 404, 29 U.S.C. § 1104.

- Count IX: Invalidation of the indemnification provision. (Am. Compl. ¶¶ 160–165); ERISA § 410; 29 U.S.C. § 1110(a).

Plaintiffs contend that they are "entitled to sue the fiduciaries pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) for relief on behalf of the Plan as provided in ERISA §409, 29 U.S.C. §1109." (Am. Compl. ¶ 166.) They further contend that they are entitled to relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). (Am. Compl. ¶ 167.)

## II. LEGAL STANDARDS

Although Defendants do not oppose class certification, I must independently determine that the Proposed Settlement Class satisfies the requirements of Rule 23. See Amchem v. Windsor, 521 U.S. 591, 620 (1997); In re Prudential Ins. Co. of Amer. Sales Practices Litig., 148 F.3d 283, 308 (3d Cir. 1998) ("[A] district court must . . . find [that] a class satisfies the requirements of Rule 23, regardless of whether it certifies the class for trial or settlement.").

I must then determine whether to approve preliminarily the "[t]he claims, issues, or defenses of [the] certified class." Fed. R. Civ. P. 23(e). At preliminary approval, I must determine if there are any obvious deficiencies and whether the "settlement falls within the range of reason." Gates v. Rohm and Haas Co., 248 F.R.D. 434, 438 (E.D. Pa. 2008) (quotations omitted); see also Manual for Complex Litigation, § 21.632 (4th ed. 2004). "The preliminary approval decision is not a commitment to approve the final settlement." Gates, 248 F.R.D. at 438. Final approval requires a more rigorous, multifactor assessment of the fairness, adequacy, and reasonableness of a proposed class action settlement; "the standard for preliminary approval is far less demanding." Id. at 444 n.7; see Girsh v. Jepson, 521 F.2d 153, 156-57 (3d Cir. 1975).

- Count VIII: Wawa breached its fiduciary duties by failing to monitor the Trustee and Committee Defendants' activities. (Am. Compl. ¶¶ 154–159); ERISA § 404, 29 U.S.C. § 1104.

- Count IX: Invalidation of the indemnification provision. (Am. Compl. ¶¶ 160–165); ERISA § 410; 29 U.S.C. § 1110(a).

Plaintiffs contend that they are "entitled to sue the fiduciaries pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) for relief on behalf of the Plan as provided in ERISA §409, 29 U.S.C. §1109." (Am. Compl. ¶ 166.) They further contend that they are entitled to relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). (Am. Compl. ¶ 167.)

## II. LEGAL STANDARDS

Although Defendants do not oppose class certification, I must independently determine that the Proposed Settlement Class satisfies the requirements of Rule 23. See Amchem v. Windsor, 521 U.S. 591, 620 (1997); In re Prudential Ins. Co. of Amer. Sales Practices Litig., 148 F.3d 283, 308 (3d Cir. 1998) ("[A] district court must . . . find [that] a class satisfies the requirements of Rule 23, regardless of whether it certifies the class for trial or settlement.").

I must then determine whether to approve preliminarily the "[t]he claims, issues, or defenses of [the] certified class." Fed. R. Civ. P. 23(e). At preliminary approval, I must determine if there are any obvious deficiencies and whether the "settlement falls within the range of reason." Gates v. Rohm and Haas Co., 248 F.R.D. 434, 438 (E.D. Pa. 2008) (quotations omitted); see also Manual for Complex Litigation, § 21.632 (4th ed. 2004). "The preliminary approval decision is not a commitment to approve the final settlement." Gates, 248 F.R.D. at 438. Final approval requires a more rigorous, multifactor assessment of the fairness, adequacy, and reasonableness of a proposed class action settlement; "the standard for preliminary approval is far less demanding." Id. at 444 n.7; see Girsh v. Jepson, 521 F.2d 153, 156-57 (3d Cir. 1975).

### III.   DISCUSSION

#### A.   Class Certification

Plaintiffs seek to certify conditionally the following Proposed Class for settlement purposes as to Counts I, II, III, V, VI, VII, VIII, and IX:

> All persons who were Terminated Employee Participants in the [ESOP] as of January 1, 2015 with account balances greater than $5,000.00 and the beneficiaries of such participants and any Alternate Payees whose stock in the Wawa ESOP was liquidated pursuant to 2015 Plan Amendment (i.e. Plan Amendment No. 4).

(Pl.'s Mot. Class Cert. ¶ 2, Doc. No. 115.)  "Defendant trustees and members of the Defendant Committee and their immediate families; the current officers and directors of Defendant Wawa and their immediate families," and their "legal representatives, successors, heirs, and assigns" are excluded from the Proposed Class.  (Id.)

The Proposed Class must satisfy the requirements of Rule 23(a) and at least one of the three subsections of Rule 23(b).

*Rule 23(a) Requirements*

Federal Rule of Civil Procedure 23(a) requires that the four following factors be satisfied by any proposed class:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Here, the Proposed Class satisfies each of these requirements.

First, the Proposed Class contains over two thousand members, a number that easily makes "joinder of all members [] impracticable."  Fed. R. Civ. P. 23(a)(1); see also In re Modafinil Antitrust Litig., 837 F.3d 238, 249–50 (3d Cir. 2016) ("Generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule

23(a) has been met" (quoting Stewart v. Abraham, 275 F.3d 220, 226–27 (3d Cir. 2001))); (Pl.'s Mot. Class Cert. ¶ 3(a), Doc. No. 115.)

Second, "[t]here are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); see also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349–50 (the claims of the class must "depend upon a common contention . . . of such a nature that it is capable of classwide resolution"). Questions that are common to the Proposed Class include: (1) whether the 2015 Plan Amendment is valid under the terms of the Plan and under the law; (2) whether the $6,940 per share paid to each Class Member was less than the fair value of the shares; and (3) whether the SPDs were materially misleading. See Moyle v. Liberty Mut. Ret. Ben. Plan, 823 F.3d 948, 964–65 (9th Cir. 2016) (ERISA § 102 claim based on inaccurate SPD met commonality requirement when "defendant's representations were allegedly made on a uniform and classwide basis . . . individual issues of reliance do not preclude class certification"); Cottillion v. United Ref. Co., No. 09-140E, 2013 WL 5936368, at *3 (W.D. Pa. Nov. 5, 2013), aff'd, 781 F.3d 47 (3d Cir. 2015) (commonality found in suit challenging elimination of plan benefits); Amara v. CIGNA Corp., 925 F. Supp. 2d 242, 262 (D. Conn. 2012) ("[I]n the context of ERISA plans, mistake is measured by the plan participants' reasonable expectations of the plan—an objective standard susceptible to proof through common questions of fact."); Savani v. Washington Safety Mgmt. Sols., LLC, No. 06-2805, 2012 WL 3757239, at *3 (D.S.C. Aug. 28, 2012) (the "theory of liability of each member" challenging the defendants' elimination of early retirement supplemental benefits "is identical"); In re Schering-Plough Corp. ERISA Litig., No. 03-1204, 2008 WL 4510255, at *4 (D.N.J. Jan. 31, 2008) (common questions in ERISA litigation included "whether defendants were fiduciaries; whether defendants breached their duties to the Plan by failing to conduct an appropriate investigation [and] whether the Plan suffered losses"); United

Steelworkers of Am. AFL-CIO-CLC v. Ivaco., Inc., 216 F.R.D. 693, 696 (N.D. Ga. 2002) (commonality satisfied in dispute over amendment and modification of ERISA plan where "defendants' acts of cancelling the plans was done uniformly and affected each . . . beneficiary . . . in the same manner").

Third, the proposed Class Representatives' claims are typical of the Proposed Class. Fed. R. Civ. P. 23(b)(3). "The typicality inquiry is intended to assess whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." Baby Neal for & by Kanter v. Casey, 43 F.3d 48, 57 (3d Cir. 1994). With respect to the fiduciary valuation claims, the Class Representatives' stock was sold at the same price, after the same valuation process, and in the same circumstances as every other Class Member. See Stanford v. Foamex L.P., 263 F.R.D. 156, 168 (E.D. Pa. 2009) (plaintiff's ERISA fiduciary duty claim was typical of the class). Similarly, the challenges to the Plan Amendment meet the typicality requirement. See Cottillion v. United Ref. Co., No. 09-140, 2013 WL 5936368, at *4 (W.D. Pa. Nov. 5, 2013), aff'd, 781 F.3d 47 (3d Cir. 2015) (plaintiff's anti-cutback claim was typical of the class). Finally, with respect to the § 102 claim that the SPDs were materially misleading, "[w]here an ERISA complaint alleges . . . plan-wide misrepresentations, courts have found the typicality requirement satisfied." Schering-Plough, 2008 WL 4510255, at *7 (collecting cases). Moreover, there is no indication that "a unique defense [would] play a significant role at trial." Beck v. Maximus, Inc., 457 F.3d 291, 300 (3d Cir. 2006).

Finally, Pfeifer, Dorley, and DiLoreto are adequate Class Representatives because they are Class Members and do not have any identifiable "intra-class conflicts" precluding them from defending the Class's interests. Fed. R. Civ. P. 23(a)(4); Dewey v. Volkswagen

Akteingesellschaft, 681 F.3d 170, 184 (3d Cir. 2012). Moreover, proposed Class Counsel have substantial experience with class actions and ERISA litigation, and their performance thus far gives me little reason to question their adequacy. (Barton Decl. ¶¶ 2–6, Doc. No. 115-2; Feinberg Decl. ¶¶ 3–4, Doc. No. 77-28; Donahoo Decl. ¶¶ 3–9, Doc. No. 77-29.)

### *Rule 23(b) Requirements*

The Proposed Class must also satisfy at least one of the three subsections of Rule 23(b). Plaintiffs seek to certify the Class under Rule 23(b)(1) and 23(b)(2), and alternatively argue that Rule 23(b)(3) certification would be appropriate. Because I find that certification is proper under Rules 23(b)(1) and (b)(2), I need not consider Plaintiffs' alternative argument. See Mehling v. New York Life Ins. Co., 246 F.R.D. 467, 475 (E.D. Pa. 2007).

These claims may be certified under Rule 23(b)(1) because prosecuting separate actions would create a risk of adjudications that "as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications." Fed. R. Civ. P. 23(b)(1). "[G]iven the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief." In re Ikon Office Solutions, Inc., 191 F.R.D. 457, 466 (E.D. Pa. 2000); see also In re Schering Plough Corp. ERISA Litig., 589 F.3d 585, 604 (3d Cir. 2009) ("In light of the derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held."); Mehling v. New York Life Ins. Co., 246 F.R.D. 467, 476 (E.D. Pa. 2007) ("Because Plaintiffs are alleging a breach of fiduciary duty, any finding as to Defendants' alleged breach in an individual suit will affect the interests of Plan participants not parties to the suit.").

Plaintiffs' claims may also be certified under Rule 23(b)(2) because, by effectuating the Plan Amendment, Defendants have "acted or refused to act on grounds that apply generally to the class, so that the final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Defendants acted on the same grounds as to all Class Members by implementing the 2015 Plan Amendment, using the same valuation in buying back ESOP shares, and making identical representations in the SPDs. See Cottillion v. United Ref. Co., No. 09-140E, 2013 WL 5936368, at *6 (W.D. Pa. Nov. 5, 2013), aff'd, 781 F.3d 47 (3d Cir. 2015) ("Courts routinely have certified classes pursuant to [Rule 23(b)(2)] where . . . an ERISA plan administrator makes a uniform decision about administering the Plan as it applies to the putative class members."). Plaintiffs seek "a declaration and an order requiring that Class Members' benefits be calculated either under the terms of the Plan without the 2015 Plan Amendment or liquidated at fair market value." (Pl.'s Mem. Supp. Mot. Class Cert. Mot. 21, Doc. No. 115-1.) Although "remedy of plan losses [will] involve monetary relief" unique to each Class Member, this relief "stem[s] directly from the claim seeking declaratory relief" respecting the Class as a whole. Mehling v. New York Life Ins. Co., 246 F.R.D. 467, 476–77 (E.D. Pa. 2007); see also Johnson v. Meriter Health Servs. Employee Ret. Plan, 702 F.3d 364, 371 (7th Cir. 2012) (Rule 23(b)(2) certification is proper where class sought "a declaration of the rights that the plan confers" and "the award of monetary relief" consisted of "laying each class member's pension-related employment records alongside the text of the reformed plan and computing the employee's entitlement" so that "the monetary relief [was] merely 'incidental' to the declaratory relief").

In sum, the Proposed Class meets all Rule 23's requirements. Accordingly, solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a),

9

Rule 23(b)(1), and Rule 23(b)(2), I will certify conditionally the Proposed Class as to Counts I, II, III, V, VI, VII, VIII, and IX.

### B. Class Counsel

Having considered proposed Class Counsel's substantial litigation experience and the Rule 23(g)(1)(A) factors, I will appoint as Class Counsel: Dan Feinberg of Feinberg, Jackson, Worthman & Wasow LLP; Joseph Barton of Block & Leviton LLP; and Richard Donahoo of Donahoo & Associates, P.C. See Fed. R. Civ. P. 23(c)(1)(B), 23(g). As set out in Plaintiffs' Motion for Class Certification and related declarations, Class Counsel have extensive experience and have worked diligently to litigate Plaintiffs' claims, including defeating Defendants' Motion to Dismiss, conducting substantial discovery, and reaching the pending Settlement Agreement. (Pl.'s Mem. Supp. Mot. Class Cert. Mot. at 16-17; Feinberg Decl.; Barton Decl.; Donahoo Decl.)

### C. Preliminary Approval of the Settlement Agreement

The final approval of a class action settlement requires a finding that the settlement is fair, adequate, and reasonable. Walsh v. Great Atl. & Pac. Tea Co., 726 F.2d 956, 965 (3d Cir. 1983). In evaluating a proposed settlement for preliminary approval, however, I am required to determine only whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies." Mehling v. New York Life Ins. Co., 246 F.R.D. 467, 472 (E.D. Pa. 2007) (unduly preferential treatment of class representatives, excessive attorney compensation, and the unreasonableness of the proposed settlement are "obvious deficiencies"). I must also consider whether: "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." In re General Motors Corp. Pick-Up Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 785–86 (3d Cir. 1995).

*Terms of the Settlement*

Upon review of the record and settlement documents, and after a hearing, I can find no ground to doubt the fairness of the Proposed Settlement or Plan of Allocation, nor are there "other obvious deficiencies." Mehling, 246 F.R.D. at 472; see also In re Ikon Office Solutions, Inc., Securities Litigation, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("Approval of a plan of allocation of a settlement fund in a class action is governed by the same standards of review applicable to approval of the settlement as a whole: the distribution plan must be fair, reasonable and adequate." (internal citation omitted)). The Settlement provides for a cash payment of $25 million—less Class Counsel's fees and costs and incentive payments to the Class Representatives—to the Wawa, Inc. Employee Stock Ownership Plan. (Pl.'s Mem. Supp. Mot. Prelim. Approval Class Action Settl. 1, Doc. No. 116-1.) This payment will be allocated on a *pro rata* basis among the approximately 2,300 Class Members, based on shares held in September 2015—amounting to approximately $943 per share. (Id. at 1, 5.) Class Members may receive a distribution of their settlement allocations or roll over the allocations to an IRA or another qualified pension plan. (Id.) If a Class Member does not make an election, her settlement allocations will be transferred to her Wawa 401(k) plan. (Id.)

In exchange, the Class Members will release and dismiss with prejudice all claims related to this action and the 2015 Plan Amendment against Defendants and Defendants' insurers. (Id. at 6.) Although the release includes claims not certified as class claims—including Count IV— "[i]t is settled law within this Circuit that "a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action.'" Scott v. Bimbo Bakeries USA, Inc., No. 10-3154, 2015 WL 8764491, at *3 (E.D. Pa. Dec. 15, 2015) (quoting In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355, 366 (3d Cir. 2001)).

Because Count IV is based on the same misrepresentations in the SPDs alleged in Count VII, "the factual predicate . . . is identical to the factual predicate underlying the settlement agreement." Id.

Under the terms of the Settlement, Class Counsel will apply for up to twenty percent of the settlement amount (no more than $5 million) in fees, and an award of up to $150,000 in costs. (Pl.'s Mem. Supp. Mot. Prelim. Approval Class Action Settl. 6.) Class Counsel will also apply for a service incentive payment of up to $25,000 for each of the three Class Representatives. (Id. at 7.) Although I will consider arguments as to the fairness of the proposed compensation before final approval, these amounts are not facially unreasonable. See In re Linerboard Antitrust Litig., No. 98-5055, 2004 WL 1221350, at *19 (E.D. Pa. June 2, 2004) ("[T]he amount requested, $25,000, is comparable to incentive awards granted by courts in this district and in other circuits."); In re Ikon Office Solutions, Inc., Securities Litigation, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("Percentages awarded [for attorneys' fees] have varied considerably, but most fees appear to fall in the range of nineteen to forty-five percent. The median in class actions is approximately twenty-five percent, but awards of thirty percent are not uncommon in securities class actions.").

### *Other Factors*

The Settlement was reached after two full days of mediation with a mediator experienced in ESOP class actions. (Pl.'s Mem. Supp. Mot. Prelim. Approval Class Action Settl. 3.) The Parties conducted substantial discovery, including document production related to the merits and the Class's potential recovery, and depositions of the class representatives and Defendants. (Id. at 11.) Moreover, Class Counsel hired two experts to assess the potential value of the Class's claims. (Id.) "Thus, the parties have conducted sufficient discovery to estimate the merit and

value of the Plaintiffs' case against [Defendants] and reach a reasonable settlement." Gates v. Rohm & Haas Co., 248 F.R.D. 434, 444 (E.D. Pa. 2008) (settlement negotiations "included two full days of mediation before an experienced mediator"). Finally, as I have discussed, counsel in this matter are exceedingly experienced and well-versed in ERISA and class action litigation.

Accordingly, the Settlement and Plan of Allocation is preliminarily approved as fair, reasonable, and adequate; free of collusion to the Class Members' detriment; and within the range of possible final judicial approval.

### D. Class Notice

I "must direct notice in a reasonable manner to all class members who would be bound by [the proposed settlement." Fed. R. Civ. P. 23(e)(1). To satisfy due process concerns, "notice to class members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mehling v. New York Life Ins. Co., 246 F.R.D. 467, 477 (E.D. Pa. 2007) (quotation omitted).

The proposed Notice of Class Action Settlement satisfies the requirements of Rule 23(e) and due process, and is otherwise fair and reasonable.  (Feinberg Decl. Ex. 2, Doc. No. 116-4). The proposed Notice adequately informs Class Members of, *inter alia*, the subject of the lawsuit, the terms of the settlement, where to find additional information, and details of the final fairness hearing, including how to present objections. See Mehling, 246 F.R.D. at 477 ("[N]otice must inform class members of (1) the nature of the litigation; (2) the settlement's general terms; (3) where complete information can be located; and (4) the time and place of the fairness hearing and that objectors maybe heard." (quotation and citations omitted)).

Plaintiffs propose to send the Notice to the Class by *either* email or first-class or U.S. mail. To ensure "the best notice practicable under the circumstances," I will, however, direct

notice by first-class mail to the entire Class, with additional notice by email if available. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974).

I will appoint Dahl Administration to administer the Settlement and disseminate the Class Notice. As provided in the Settlement Agreement, Defendants shall pay the costs and expenses of such administration.

### E. Settlement Fairness Hearing

I will conduct a hearing on final approval and fairness of the Settlement on August 9, 2018, at 10:00 a.m. in Courtroom 14A at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia PA 19106. At the fairness hearing, I will consider, *inter alia*, whether: (1) the Proposed Settlement is fair, reasonable, and adequate; (2) I should approve finally the Proposed Settlement; (3) I should approve awards of attorneys' fees and costs—which are not to exceed $5,150,000 under the terms of the Settlement Agreement—to Class Counsel; (3) incentive awards should be awarded to the Class Representatives, and in what amount; and (4) I should enter a final judgment terminating this litigation.

### F. Conclusion

For the reasons discussed above, Plaintiffs' Motions will be granted.

\* \* \*

**AND NOW**, this 1st day of May, 2018, upon consideration of Plaintiffs' Unopposed Second Renewed Motion for Class Certification (Doc. No. 115), Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 116), and Defendants' Non-Opposition to Plaintiffs' Unopposed Second Renewed Motion for Class Certification (Doc. No. 119), as well as the arguments presented at the May 1, 2018 hearing, it is hereby **ORDERED** that Plaintiffs' Motions (Doc. Nos. 115, 116) are **GRANTED** as follows:

1. This matter is **CERTIFIED conditionally** for settlement purposes as a class action, only as to Counts I, II, III, V, VI, VII, VIII, and IX, on behalf of the following individuals:

   > All persons who were Terminated Employee Participants in the Wawa, Inc. Employee Stock Ownership Plan ("Wawa ESOP") as of January 1, 2015 with account balances greater than $5,000.00 and the beneficiaries of such participants and any Alternate Payees whose stock in the Wawa ESOP was liquidated pursuant to 2015 Plan Amendment (i.e. Plan Amendment No. 4).

   > Excluded from the Class are Defendant trustees and members of the Defendant Committee and their immediate families; the current officers and directors of Defendant Wawa and their immediate families; and legal representatives, successors, heirs, and assigns of any such excluded persons.

2. Greg Pfeifer, Andrew Dorley, and Michael DiLoreto are **APPOINTED** as Class Representatives;

3. The law firms of Feinberg Jackson Worthman & Wasow LLP, Block & Leviton LLP, and Donahoo & Associates, P.C. are **APPOINTED** as Class Counsel.  Cohen Milstein Sellers & Toll, PLLC is **APPOINTED** Liaison Counsel for the Class;

4. The Settlement Agreement (Feinberg Decl. Ex. 1, Doc. No. 116-3) and Proposed Plan of Allocation (Id. at § VI) are **APPROVED preliminarily**;

5. The Proposed Notice of Class Action Settlement (Feinberg Decl. Ex. 2, Doc. No. 116-4) is **APPROVED**;

6. Dahl Administration is **APPOINTED** as the Settlement Administrator and shall **PROVIDE** Class Notice and otherwise **ASSIST** in administration of the Settlement Agreement, as provided in Section VII.2 of the Agreement;

7. Defendants shall **PROVIDE FORTHWITH** Class Data to Class Counsel and the Settlement Administrator;

8. The Settlement Administrator shall **SEND** to all Class Members by first-class U.S. mail **and**, if available, by e-mail the Class Notice and any necessary Election Forms **no later than** May 22, 2018.  The Settlement Administrator shall post these and other documents on a public settlement website;

9. Class Counsel shall **MOVE** for attorneys' fees and costs and a service award for the Class Representatives **no later than** May 31, 2018;

10. The Settlement Administrator shall **FILE, no later than** June 21, 2018, a declaration confirming that the Class Notice and other required documents were sent to the Class;

11. Any Class Member who wishes to object to the Settlement Agreement, the proposed Plan of Allocation, the Request for Service Awards for the Class Representative, or Class Counsels' Motion for Attorneys' Fees and Expenses, or otherwise be heard concerning this Settlement, shall **FILE** an Objection with the Court.  The Objection must be postmarked **no later than** July 6, 2018.  The Objection must set forth:  (1) the Objector's name, contact information, status in the Plan, (2) the name and address of Objector's counsel (if represented); (3) a written statement of any objections to the Settlement; and (4) the signature of the Objector (or his or her attorney).  Any Class Member who fails to make his or her objection in this manner shall be deemed to have **WAIVED** such objection;

12. Any Class Member who wishes to challenge his or her ESOP account data (the number of Wawa shares allocated to the Class Member's ESOP as of September 2015) stated in his or her Notice must **SUBMIT** to the Settlement Administrator a challenge and supporting documentation, and any such challenge must be postmarked **no later than July 6, 2018.** Any such challenge must set forth the identity of the participant or beneficiary making the challenge and set forth the basis of the challenge;

13. The Settlement Administrator shall **SUBMIT**, **no later than July 19, 2018**, recommendations as to the accuracy of the account data, based on challenges by Class Members;

14. Plaintiffs shall **FILE**, **no later than July 26, 2018,** their Motion for Final Approval;

15. A hearing on final approval and fairness of the Settlement shall be held on **August 9, 2018**, at **10:00 a.m.** in Courtroom 14A at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia PA 19106;

16. The Clerk of Court shall **REMOVE** this matter from the Civil Suspense File; and

17. Plaintiffs' Motion to Certify Class (Doc. No. 77) is **DENIED as moot**.

                        **AND IT IS SO ORDERED.**

                        */s/ Paul S. Diamond*
                        _____
                        Paul S. Diamond, J.