IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG PFEIFER and ANDREW DORLEY,<br><br>　　　　　　　　　　Plaintiffs,<br><br>-vs.-<br><br>WAWA, INC., RETIREMENT PLANS COMMITTEE OF WAWA, INC., JARED G. CULOTTA, MICHAEL J. ECKHARDT, JAMES MOREY, CATHERINE PULOS, HOWARD B. STOECKEL, DOROTHY SWARTZ, RICHARD D. WOOD, JR. and KEVIN WIGGINS.<br><br>　　　　　　　　　　Defendants,<br><br>and<br><br>WAWA, INC. EMPLOYEE STOCK OWNERSHIP PLAN.<br><br>　　　　　　　　　　Nominal Defendant. | **Case No. 16-00497-PD** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO AMEND FINAL APPROVAL ORDER AND FINAL JUDGMENT

On August 31, 2018, the Court granted final approval of the parties' settlement of this class action and entered final judgment accordingly. ECF Nos. 133 & 134. The Court certified the Settlement Class as: "All persons who were Terminated Employee Participants in the ESOP as of January 1, 2015 with account balances greater than $5,000.00 and the beneficiaries of such participants and any Alternate Payees whose stock in the Wawa ESOP was liquidated pursuant to 2015 Plan Amendment (i.e. Plan Amendment No. 4)." ECF No. 133 at 6. The Court defined Terminated Employee Participant as "participants in the Wawa, Inc. Employee Stock Ownership

1

Plan with vested account balances as of August 30, 2015 whose employment with Wawa, Inc. terminated prior to January 1, 2015 for any reason other than retirement, death or disability." *Id.*[1]

On May 22, 2018, pursuant to the Court's Preliminary Approval Order, the Settlement Administrator mailed the Class Notice to 1,264 Class members identified by Defendants. Feinberg Decl. at ¶ 3. Among the persons identified by Defendants as Class Members was Merry Epting. *Id.* at ¶ 4. Ms. Epting was a former employee of Wawa and a participant in the ESOP whose account was liquidated at the same time as the rest of the Class; however, she was not a member of the Class because her employment with Wawa terminated due to disability. *Id*. As Ms. Epting was included among the persons identified as Class Members, the Settlement Administrator sent her a Class Notice and the Notice sent to Ms. Epting estimated her settlement payment as approximately $800. *Id.* at ¶ 5. Ms. Epting contacted Class Counsel about the Notice, and Class Counsel believes that Ms. Epting relied on the Notice. *Id.* at ¶ 6.

Were Ms. Epting to be included in the Class, her claim would amount to approximately 0.004% of the $25,000,000 common fund (after deductions for attorneys' fees, costs, and service awards for the three Class Representatives). *Id.* at ¶ 7.

Federal Rule of Civil Procedure 60 allows the court to modify a judgment "on motion or on its own" for "any . . . reason that justifies relief." Fed. R. Civ. P. Rule 60(b)(6). The Third Circuit has recognized that "[t]he equitable powers of the court may be invoked to deal with other problems that commonly arise during administration of the settlement." *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001). *See also In re Cendant Corp. Prides Litig.*, 189 F.R.D. 321, 323 (D.N.J. 1999), *aff'd*, 233 F.3d 188 (3d Cir. 2000) (court may

---

[1] The Settlement Class also excluded: "Defendant trustees and members of the Defendant Committee and their immediate families, the current officers and directors of Defendant Wawa and their immediate families, and their legal representatives, successors, heirs, and assigns." *Id.*

assert equitable power to modify class action judgment, *e.g.*, "to allow late-filed proofs of claim and late-cured proofs of claim."). The Third Circuit has concluded that a district court retains jurisdiction over the settlement fund until all of the settlement funds have been disbursed. *In re Orthopedic Bone Screw*, 246 F.3d at 321. In addition, the Final Judgment provides that this Court "will retain exclusive jurisdiction over the Settlement Agreement to oversee its administration, distribution to the Class." ECF No. 134 at ¶ 4. Here, Ms. Epting's estimated settlement payment has yet to be disbursed. Feinberg Decl. at ¶ 8.

Accordingly, as a matter of equity and to avoid any prejudice to Ms. Epting, Class Counsel respectfully request that the Court either modify the definition of the Class under the Final Approval Order so as to include Ms. Epting or simply enter an order permitting Class Counsel to disburse $800 from the Settlement Fund to Ms. Epting. A proposed Amended Final Approval Order and Proposed Amended Final Judgment, with changes redlined, are attached as Exhibits 1 and 2, respectively, to the Feinberg Declaration, and versions with the proposed redlines incorporated are attached as Exhibits 3 and 4 respectively. Defendants have consented to this request. Feinberg Decl. at ¶ 10.

Class Counsel believe that either modification of the Settlement Class definition or authorizing payment makes Ms. Epting whole for her reliance on the Class Notice. The addition of Ms. Epting to the Class would have a *de minimis* effect on Class Member awards, and Plaintiffs believe that such modification would not affect the Settlement substantially or make it any less procedurally fair, reasonable, or adequate. In the alternative, Plaintiffs respectfully requests that the Court allow Class Counsel to allocate $800 of the Settlement Fund to Ms. Epting.

For the reasons noted in the Court's Orders preliminarily and finally approving the Settlement (ECF Nos. 120 & 133), the *Girsh* and *Prudential* factors continue to strongly support the Settlement.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court approve the Proposed Amended Final Approval Order and Proposed Amended Judgment or authorize the payment to Ms. Epting from the Settlement Fund.

Dated:  November 28, 2018             Respectfully submitted,

/s/ *R. Joseph Barton*_____
R. Joseph Barton (*pro hac vice*)
**BLOCK & LEVITON LLP**
1735 20th Street, N.W.
Washington, DC 20009
Tel:  (202) 734-7046
Email:  jbarton@blockesq.com

/s/ *Daniel Feinberg*_____
Daniel Feinberg (*pro hac vice*)
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel:  (510) 269-7998
Fax: (510) 269-7994
Email: dan@feinbergjackson.com

Richard E. Donahoo (*pro hac vice*)
**DONAHOO & ASSOCIATES, P.C.**
440 W. First Street, Suite 101
Tustin, California 92780
Tel:  (714) 953-1010
Fax: (714) 953-1777
Email:  rdonahoo@donahoo.com

Raymond M. Sarola (Pa Bar No. 318164)
Gary L. Azorsky (Pa Bar No. 38924)
**COHEN MILSETIN SELLERS & TOLL PLLC**

                                    1717 Arch Street, Suite 3610
                                    Philadelphia, PA 19103
                                    Tel:  (267) 479-5700
                                    Fax: (267)
                                    rsarola@cohenmilstein.com
                                    gazorsky@cohenmilstein.com

*Attorneys for Plaintiffs*

## PROOF OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO AMEND FINAL APPROVAL ORDER AND FINAL JUDGMENT**, to be served on the counsel listed below via the Court's ECF system on November 28, 2018:

**Brian T. Ortelere**
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
215-963-5150

**Christopher M. Varano**
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
215-963-5000

**David I. Monteiro**
Morgan Lewis & Bockius LLP
1717 Main Street
Suite 3200
Dallas, TX 75201
214-466-4000

**Jeremy P. Blumenfeld**
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
215-963-5258

I hereby certify that I also caused a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO AMEND FINAL APPROVAL ORDER AND FINAL JUDGMENT**, to be served on Brad C. Wall and Christine Castagna by U.S. Mail at the following address and via email at the following email address

**Brad C. Wall**
19 Longwood Lane
Newark, DE 19711
wallbc1018@gmail.com

**Christine Castagna**
43 Brighton Court
Downington, PA 19335
chriscas275@aol.com

/s/ _____
Olivia Ruiz